IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMESHA BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:22-CV-1861-K |
| | § | |
| MBROH ENGINEERING, INC. and | § | |
| ANTHONY MBROH, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Mbroh Engineering, Inc. and Anthony Mbroh's Motion for Partial Summary Judgment (Doc. No. 23), Brief in Support (Doc. No. 24), and Appendix (Doc. No. 23-1) (together, the "Motion"). Plaintiff Tamesha Brewer filed a Response (Doc. No. 28), Brief in Support (Doc. No. 29), and Appendix in Support (Doc. No. 30) (together, the "Response"). Defendants filed a Reply (Doc. No. 33) and Appendix in Support (Doc. No. 33) (together, the "Reply"). Also before the Court is Plaintiff's Motion to Strike and Motion for Leave to File Late Daubert Motion (Doc. No. 37). Defendants filed a response (Doc. No. 38) and Plaintiff filed a Reply (Doc. No. 44).

### I.   Plaintiff's Motion to Strike

Plaintiff moves the Court to strike the "supplemented" expert report of Randall O'Neal that Defendants filed as Exhibit B in the Appendix to their Reply in support of

1

their Motion for Partial Summary Judgment. Doc. No. 33 (the "Reply Appendix"). Plaintiff argues that this specific document, which Defendants identify as "Declaration of Randy O'Neal", is a supplemental report that "raises new opinions [] inconsistent with Mr. O'Neal's original report and contrary to federal law." Doc. No. 37 at 1. In their response to the Motion to Strike, Defendants appear to concede this is a supplemental report (rather than a "declaration") and contend that the Court should consider said report. *See generally* Doc. No. 38 (referencing the "supplemental report from [Defendants'] expert, Randy O'Neal"). Defendants claim this supplemental report was appropriately submitted with their reply in order to address the "bolstering evidence" Plaintiff submitted that "differed from her deposition testimony" as well as the declarations of two other individuals. *Id.* at 3. Defendants then admit they "are aware" leave of the Court is required to submit an appendix to a reply brief. *Id.* at 4. Despite not moving for leave *prior* to submitting O'Neal's supplemental report, Defendants now request leave to file the Reply Appendix "[i]f this Court chooses to consider the Brewer, Brown and Sephton Declarations". *Id.*

Having carefully considered the parties' briefing on this issue, the relevant summary judgment briefing and supporting evidence, the Court denies Defendants' request for leave to file O'Neal's supplemental report after-the-fact. Moreover, the Court finds that the Reply Appendix should be **struck** in its entirety. *See Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991)(Fitzwater, J.) ("And where a movant has injected new evidentiary materials in a reply without affording the

2

nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them."). A party must obtain leave of court *before* filing an appendix with a reply. *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103-04 (N.D. Tex. 2001)(Fitzwater, J.). Defendants did not move for leave to file their Reply Appendix before filing it, the Court did not otherwise grant leave, and Plaintiff did not have "a meaningful opportunity to respond" to it. *See Budri v. FirstFleet, Inc.*, 2020 WL 10816627, at *2 (N.D. Tex. June 10, 2020)(Ramirez, M.J.) (a movant is not "ordinarily permitted to introduce new evidence in support of a reply because such action would deprive the non-movant of a meaningful opportunity to respond"). For this reason alone, Defendants' untimely request for leave is denied and the Reply Appendix in its entirety shall be struck.

Even if the Court were to grant leave retroactively, which it is not, Mr. O'Neal's supplemental report would nevertheless be struck for the following reasons. Defendants' argument that this supplemental report was submitted "in direct response to proof adduced in opposition" is not persuasive. As the Court explains below, the Declarations of Ebonie Brown and William Sephtom were not considered by the Court in determining Defendants' Motion for Partial Summary Judgment. As for Plaintiff's own declaration submitted in her response appendix, the Court is not swayed by Defendants' contention that Plaintiff "submitted a declaration trying to undo the vagueness of her deposition testimony." Doc. No. 38 at 2.

3

Accordingly, the Court **grants** Plaintiff's Motion to Strike the Reply Appendix. *See Box v. Dallas Mexican Consulate Gen.*, Civ. Action No. 3:08-CV-1010-O, 2013 WL 12353108, at *2 (N.D. Tex. May 31, 2013)(O'Connor, J.) ("The Court agrees that attaching new evidentiary materials in this reply is improper."). The Clerk is DIRECTED to **STRIKE** the Appendix to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 34).

In light of the Reply Appendix (and consequently Mr. O'Neal's supplemental report) being struck, the Court **denies without prejudice to refiling** (should the relief requested be necessary) Plaintiff's Motion for Leave to Late File Daubert Motion.

II.     **Defendants' Motion for Partial Summary Judgment**

The Court has carefully considered Defendants' Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. Defendants argue generally that Plaintiff cannot present competent summary judgment evidence to raise a genuine dispute of material fact as to the amount of overtime hours she claims to have worked and the amount she claims to be owed as a result. *See, e.g.*, Doc. No. 23 at 4. In deciding Defendants' Motion, the Court viewed this evidence and all reasonable inferences in the light most favorable to Plaintiff (the nonmovant) and resolved all disputed facts in Plaintiff's favor. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

The Court first addresses Defendants' objections to the declarations of Ebonie Brown and William Sephtom submitted in Plaintiff's Appendix (Doc. No. 30) to her

4

Response. Doc. No. 33 at 1-4. The Court did not consider either declaration in determining Defendants' Motion for Partial Summary Judgment. Accordingly, the Court **overrules** these objections **as moot**. To be clear, this ruling is not a merits decision and, therefore, does not preclude Defendants from objecting to these declarations again should they be presented or offered in whole or in part.

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). The Court finds that Defendants fail to establish the absence of a genuine dispute of material fact as to the number of overtime hours Plaintiff allegedly worked and the amount of overtime pay that she may be owed. *See Owen*, 33 F.4th at 824 (if nonmovant will have burden of proof at trial, movant must show that nonmovant "has completely failed to prove 'an essential element of the nonmoving party's case.'") (cleaned up) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (dispute of a material fact is "genuine" if evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party). Even if the Court had found that Defendants met their initial burden, Plaintiff identified specific facts in the record that establish the existence of a genuine issue for trial. *See ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012).

The Court **DENIES** Defendants' Motion for Partial Summary Judgment.

**SO ORDERED.**

Signed December 2nd, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE